PRITCHARD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CASE NO. 21-20265 JTF |
| vs. | ) | 18 U.S.C. § 371 |
| GLENDA ADAMS and AARON NEGLIA, | ) | |
| Defendants. | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES**:

At all times material to this Indictment:

1. GLENDA ADAMS was an Assistant District Attorney (ADA) employed by the Shelby County District Attorney's Office in Memphis, Tennessee;

2. AARON NEGLIA was an attorney in private practice in Memphis, Tennessee;

3. Automobile accidents occurring in the Memphis city limits were typically investigated by the Memphis Police Department (MPD);

4. The Crash Reports generated by the MPD investigations were uploaded into a law enforcement database known as Watson;

5. Access to Watson was limited to those functioning in a law enforcement capacity;

6. The Crash Reports initially were not available to the public and were only available in Watson to persons with law enforcement access;

7. Subsequently, the Crash Reports were available for purchase from the City of Memphis;

8. Through her employment as an ADA, ADAMS had access to Watson and the Crash Reports.

## COUNT 1

### (Conspiracy to Violate the Travel Act)

9. Paragraphs 1 through 8 are re-alleged and incorporated herein by reference.

10. Beginning at a time unknown, but at least in or around February 2017 through in or about October 2020, in the Western District of Tennessee, and elsewhere, the defendants,

**GLENDA ADAMS**
and
**AARON NEGLIA**

did knowingly and intentionally conspire with each other and with others unknown to the Grand Jury to use a facility in interstate and foreign commerce, that being a cellular phone, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of one or more unlawful activities, to wit, Bribery of a Public Servant, in violation of Tennessee Code Annotated § 39-16-102, and thereafter to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3).

## MANNER AND MEANS

11. It was part of the conspiracy that ADAMS would access MPD Crash Reports from the Watson system, utilizing her access as an ADA.

12. It was further part of the conspiracy that ADAMS would then provide those reports to NEGLIA who would use the Crash Reports to solicit accident victims identified in the Reports and offer them legal representation.

13. It was further part of the conspiracy that in exchange for providing the Reports, NEGLIA would make financial payments to ADAMS.

2

## PURPOSE AND OBJECT OF THE CONSPIRACY

14. The purpose and object of the conspiracy was for ADAMS, in exchange for payment from NEGLIA, to use her position as a public servant to provide the Crash Reports to NEGLIA for his ultimate personal gain, benefit, profit, and advantage.

## OVERT ACTS

15. In furtherance of the conspiracy, and to accomplish its purposes, at least one of the conspirators committed or caused to be committed one or more of the following overt acts: On or about the following dates ADAMS, using her cellular phone, transmitted one or more screen shots of the designated Crash Reports to NEGLIA via text message:

| Date Sent | Crash Report # |
|---|---|
| 4/9/20 | WC2009471 |
| 6/14/20 | WC2014899 |
| 6/16/20 | WC2015132 |
| 6/19/20 | WC2015405 |
| 6/27/20 | WC2016126 |
| 9/28/20 | WC2025319 |

All in violation of Title 18, United States Code, Section 371.

**A TRUE BILL:**

**F O R E P E R S O N**

**DATE: _____**

_____
**JOSEPH C. MURPHY, JR.
ACTING UNITED STATES ATTORNEY**

3